**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**

LEGACY HEMP LLC
W12335 694th Ave.
Prescott, WI 54021

        Plaintiff,

v.                                     Case No.: 5:20-cv-90-TBR

TERRAMAX HOLDINGS CORPORATION
2600 Victoria Ave.
Regina, Saskatchewan, Canada S4T1K2

        Defendant.

**COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Plaintiff, Legacy Hemp LLC, by and through its attorney, Christopher Wiest, for its complaint against Defendant, Terramax Holdings Corporation, alleges and states as follows:

**NATURE OF THE ACTION**

This is an action for declaratory judgment and actual damages arising from Defendant Terramax Holdings Corporation's breaches of a distributor contract and breach of the covenant of good faith and fair dealing.

**PARTIES**

1. Plaintiff, Legacy Hemp LLC ("Legacy"), is a Wisconsin limited liability company with its principal place of business located at W12335 694th Ave., Prescott, Wisconsin.

2. Defendant, Terramax Holdings Corporation ("Terramax"), is a Saskatchewan corporation with its principal place of business located at 2600 Victoria Ave., Regina, Saskatchewan, Canada, S4T1K2. Upon information and belief, Terramax's registered agent is

Hugh John Oliver Campbell whose address is Box 345, Qu'Appelle, Saskatchewan, Canada, S0G4A0.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the claims asserted in this Complaint pursuant to 28 U.S.C. § 1332, because there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of costs and interests.

4. This Court has personal jurisdiction over Defendant under K.R.S. 454.210(2)(a)(1) and (2), because Defendant transacted business in this state, and contracted to supply services and goods in this state; because Defendant has sufficient minimum contacts with this state; and because Defendant successfully objected to personal jurisdiction in Wisconsin by arguing that it thought it was engaged in contacts with Kentucky and is judicially estopped from disclaiming personal jurisdiction in Kentucky.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and is proper in this division under L.R. 3.2 because a substantial part of the events or omissions giving rise to the claim occurred in this division.

## FACTUAL BACKGROUND

6. Legacy is engaged in the marketing and sale of industrial hemp seed in the United States. It has been a front runner in the resurgence of the industrial hemp industry since 2014. Following the passage of the Federal Farm Bill of 2014, Legacy's affiliates were the first to legally import industrial hemp into the United States. Legacy has worked with multiple state departments of agriculture as well as research universities to set up industrial hemp testing. Legacy continues to partner with companies and farmers with production contracts for industrial hemp in the United States.

7. Terramax is engaged in the field of proprietary maintenance, production, and sale of industrial hemp seed. The X-59 Hemp Nut ("X-59") is one of Terramax's most stable and well-tested crops produced to date. Among other qualities, X-59 is desirable because it has good shatter resistance, large seed size, low dockage, very low THC levels, moderate season, moderate height, and can be harvested directly using conventional equipment.

**The Distributor Agreement and Course of Dealing – Legacy's Right to Sell X-59 Hemp Seed in the United States**

8. In April 2016, Legacy and Terramax entered into a Germ Plasm Transfer, Royalty, and Working Agreement for the distribution and sale of X-59 hemp seed in the United States (the "Distributor Agreement"). A true and correct copy of the Distributor Agreement is attached hereto as **Exhibit A**.

9. Among other things, the Distributor Agreement designates a Kentucky address for the location X-59 hemp seed deliver, located at 11609 Dawson Springs Road, Crofton, Kentucky, 42217.

10. The Distributor Agreement provides Legacy with exclusive rights to sell X-59 hemp seed in seven states: Kentucky, Illinois, Minnesota, Iowa, North Dakota, Nebraska, and Indiana (the "Exclusive States").

11. The Distributor Agreement further provides Legacy with non-exclusive rights to sell X-59 hemp seed in the rest of the United States. Specifically, the Distributor Agreement states that "[s]eed of the variety shall not be marketed into States that do not strictly require the use of only certified hemp seed for planting or allow farmer saved hemp seed." (Exhibit A at ¶ 3). Furthermore, the Distributor Agreement states that "[Legacy] shall not market any of the variety as seed outside the USA." (*Id.* at ¶ 23). Nowhere does the Distributor Agreement limit Legacy to selling X-59 hemp seed only in the Exclusive States.

12. The course of dealing between Legacy and Terramax further demonstrates that Legacy has the non-exclusive right to market and sell X-59 hemp seed in states other than the Exclusive States. Terramax has acknowledged Legacy's rights under the Distributor Agreement to sell X-59 hemp seed in states other than the Exclusive States on numerous instances.

13. For example, in March of 2017, Terramax emailed the director of the Colorado Department of Agriculture stating that Legacy is "our agent in the U.S. for X59."

14. In February of 2018, Terramax forwarded to Legacy a request to purchase X-59 hemp seed made by Cornell University in New York, noting in the forwarded message that Legacy "might want to respond to this request."

15. In March of 2018, Terramax forwarded to Legacy a request to purchase X-59 hemp seed from a person "enrolled in the Montana Hemp pilot program."

16. In a number of instances, Terramax has asked Legacy to address issues with possible illegal sales in states other than the Exclusive States. For example, despite the fact that Wisconsin is not one of the Exclusive States, Terramax asked Legacy to deal with an issue in March of 2018 with a purported researcher in Nevada who was attempting to sell X-59 hemp seed in Wisconsin and was telling farmers that they could use it as breeder seed.

17. In April of 2018, Terramax forwarded to Legacy a request to purchase seed from an individual who expressed "interest in growing your X-59 in Wisconsin."

18. During the summer of 2019, Legacy's agronomist, Brian Parr, gave a presentation in Montana for IndHemp LLC ("IndHemp"), a Montana-based industrial hemp seed distributor and a customer of Legacy. Terramax management personnel were present for the presentation, at which Mr. Parr identified himself as the agronomist for Legacy, stated that Legacy was the supplier of the seed, and said that he was there to provide information to help farmers purchasing seed from

IndHemp. Mr. Parr specifically met with representatives from Terramax to discuss Legacy selling X-59 hemp seed to IndHemp and thereby into Montana.

19. In July of 2019, principals from Legacy and Terramax met in Canada to discuss Legacy's efforts to sell X-59 hemp seed in states other than the Exclusive States. The primary purpose of this meeting was for Legacy to convey its concerns about the resources it was using to raise the brand profile of X-59 hemp seed in states where Legacy did not have exclusive distribution rights, as well as its concern that Terramax might authorize other sellers of X-59 hemp seed who would reap the rewards of Legacy's efforts. Terramax did not, either in the planning of or during this meeting, ever express the opinion that Legacy lacked the right to sell X-59 hemp seed into states other than the Exclusive States.

**Legacy's Investment in and Dependence upon X-59 Hemp Seed**

20. For almost four years, Legacy has, in its distribution relationship with Terramax, exemplified solid business fundamentals, integrity, outstanding sales performance, and exceptional customer service.

21. Legacy has helped Terramax build a market for X-59 hemp seed in Kentucky and throughout the United States.

22. Legacy has invested a substantial amount of time, money, and effort into building its business around X-59 hemp seed, including in Kentucky.

23. Since Legacy began selling X-59 hemp seed in 2017, Legacy's primary business has been the marketing and sale of X-59 hemp seed.

24. Since 2017, Legacy has bought and sold more than 322,890 pounds of X-59 hemp seed.

25. Legacy has made significant investments in advertising and promoting X-59 hemp seed, both in the Exclusive States and in other states. Examples of Legacy's efforts include, but are not limited to, the following:

    (a) participating in trade shows in more than twelve states, including in the state of Kentucky, to promote X-59 hemp seed;

    (b) investing in custom apparel to market X-59 hemp seed;

    (c) promoting X-59 hemp seed at the National Farm Bureau trade show in 2019;

    (d) participating in and funding a variety of trials for X-59 hemp seed at more than twelve major universities;

    (e) providing support services, such as production, harvest, and storage guidelines for X-59 hemp seed producers in various states;

    (f) marketing X-59 hemp seed on its website and through electronic communications; and

    (g) promoting X-59 hemp seed at industry forums.

24. At all relevant times, Terramax was aware of Legacy's efforts and never objected to Legacy's work building a market for X-59 hemp seed anywhere in the United States.

25. Legacy made these investments, along with maintaining key personnel, to fulfill Legacy's obligations to Terramax and to help expand Terramax's market share in the United States.

**Terramax's Efforts To Terminate the Distributor Agreement with Legacy**

26. The term of the Distributor Agreement is for a seven (7) year period, commencing April 22, 2016. Renewal periods are by mutual agreement. (Ex. A at ¶13)

27. The Distributor Agreement provides that either party shall be entitled to terminate the Agreement before the end of its term in the event that the other party:

(1) is in default of its obligations, which has not been cured within thirty (30) days of written notice;

(2) has become insolvent, or is in receivership, or is in the proceedings of bankruptcy; or

(3) there has been a transfer of controlling interest in Legacy.

Upon termination of the Distributor Agreement, Legacy is to cease marketing X-59 hemp seed and to dispose of remaining X-59 hemp seed in the commercial non-seed market. (Ex. A at ¶14)

28. On January 2, 2020, Terramax's legal counsel sent a letter (attached here as **Exhibit B**) to Legacy notifying it that Terramax considers Legacy to be in breach of the Distributor Agreement as follows:

(a) Legacy has sold X-59 hemp seed outside of its authorized territory because it sold X-59 hemp seed to IndHemp in Montana and is not authorized to sell X-59 hemp seed in Montana; and

(b) Legacy has failed to provide Terramax with detailed information regarding the sales of X-59 hemp seed that it has made.

Terramax requested that Legacy provide a detailed list of all of the sales of X-59 hemp seed by Legacy from January 1, 2019 to date, including the name and contact information for each customer, the amount of X-59 hemp seed sold to each customer, and the date of the sale to each customer. Terramax stated that, should Legacy fail to comply with its request, Terramax would consider Legacy to be in default under the Distributor Agreement and would terminate same,

including cancellation of Legacy's outstanding X-59 hemp seed order set for pick-up/delivery in April of 2020.

29.     By letter dated January 22, 2020 (attached hereto as **Exhibit C**), Legacy's legal counsel responded to Terramax's letter. Legacy pointed out that the Distributor Agreement and the parties' course of dealing conclusively establish that Legacy has the non-exclusive right to market and sell X-59 hemp seed in states other than the Exclusive States; therefore, Legacy's sale of X-59 hemp seed to IndHemp in Montana is not in breach of the Distributor Agreement. Legacy further advised Terramax that, even though the Distributor Agreement does not require it to do so, Legacy was voluntarily providing the information requested by Terramax related to Legacy's sale of X-59 hemp seed.

30.     By letter dated February 11, 2020 (attached hereto as **Exhibit D**); Terramax responded to Legacy's January 22 letter by advising that "Terramax maintains that Legacy has breached the Agreement and Terramax is entitled to terminate the Agreement." Terramax conditioned any future business relationship on, *inter alia*, obtaining an unequivocal and enforceable commitment that neither Legacy nor any sub-licensee designated by Legacy has sold or distributed or will sell or distribute X-59 hemp seed outside of the Exclusive States.

**Terramax Grants IndHemp the Exclusive Right To Distribute X-59 Hemp Seed in Thirty-One States**

31.     Upon information and belief, around the time that Terramax began threatening Legacy with termination, Terramax entered into a contract with IndHemp, one of Legacy's largest customers in 2019, granting it exclusive rights to market and sell X-59 hemp seed in thirty-one (31) states.

## FIRST CLAIM FOR RELIEF
### Declaratory Judgment; 28 U.S.C. § 2201

32. Legacy adopts by reference and incorporates as if set forth here in full all of the preceding allegations.

33. The Distributor Agreement is a valid and enforceable contract.

34. Legacy fully performed its obligations under the Distributor Agreement.

35. Legacy is not insolvent, in receivership, or in the proceedings of bankruptcy.

36. There has been no transfer of controlling interest in Legacy.

37. Terramax's attempt to terminate Legacy is in violation of the Distributor Agreement.

38. By reason of the foregoing, an actual and justiciable controversy exists between the parties. Legacy, therefore, seeks a declaratory judgment that Terramax's attempt to terminate Legacy is in breach of the Distributor Agreement.

## SECOND CLAIM FOR RELIEF
### Breach of Contract-Termination

39. Legacy adopts by reference and incorporates as if set forth here in full all of the preceding allegations.

40. The term of the Distributor Agreement is for a period of seven (7) years, commencing April 22, 2016.

41. By its own terms, the Distributor Agreement can be terminated by Terramax before the end of its term only in the event that: (1) Legacy is in default of its obligations, which has not been cured within thirty (30) days of written notice; (2) Legacy has become insolvent, or is in receivership, or is in the proceedings of bankruptcy; or (3) there has been a transfer of controlling interest in Legacy.

42. At all times material hereto, Legacy has substantially complied with the terms of the Distributor Agreement; has not been insolvent, in receivership, or in the proceedings of bankruptcy; and there has not been a transfer of controlling interest in Legacy.

43. As a result, Terramax's attempt to unilaterally terminate Legacy is in breach of the Distributor Agreement.

44. As a result of Terramax's breach of the Distributor Agreement, Legacy has been damaged in an amount to be determined at trial.

### THIRD CLAIM FOR RELIEF
**Breach of Contract-Exclusive Territory Grant to IndHemp**

45. Legacy adopts by reference and incorporates as if set forth here in full all of the preceding allegations.

46. The Distributor Agreement and course of dealing between Legacy and Terramax grant Legacy the non-exclusive right to market and sell X-59 in states other than the Exclusive States.

47. Upon information and belief, Terramax recently granted IndHemp the exclusive right to market and sell X-59 hemp seed in thirty-one (31) states.

48. Terramax's agreement with IndHemp breached the Distributor Agreement by curtailing Legacy's non-exclusive right to market and sell X-59 hemp seed in those thirty-one (31) states.

49. As a result of Terramax's breach of the Distributor Agreement, Legacy has been damaged in an amount to be determined at trial.

### FOURTH CLAIM FOR RELIEF
### Breach of Contract-Refusal to Provide Registered Seed

50. Legacy adopts by reference and incorporates as if set forth here in full all of the preceding allegations.

51. Under the Distributor Agreement, Terramax is obligated to provide Legacy with registered X-59 hemp seed for sale in the United States.

52. Terramax refused to provide Legacy with registered X-59 hemp seed in 2020 unless Legacy agrees to certain modifications of the Distributor Agreement.

53. Terramax breached the Distributor Agreement by refusing to provide Legacy with registered X-59 hemp seed in 2020.

54. As a result of Terramax's breach of the Distributor Agreement, Legacy has been damaged in an amount to be determined at trial.

### FIFTH CLAIM FOR RELIEF
### Breach of the Covenant of Good Faith and Fair Dealing

55. Legacy adopts by reference and incorporates as if set forth here in full all of the preceding allegations.

56. Terramax's conduct, as described above, has had and continues to have the effect of injuring and/or destroying Legacy's ability to receive the benefits of the Distributor Agreement and violates the spirit of the Distributor Agreement.

57. Terramax's conduct is in breach of the covenant of good faith and fair dealing implied by the Distributor Agreement.

58. Terramax's breach has caused Legacy to suffer damages in an amount to be proven at trial.

WHEREFORE, for the foregoing reasons, Plaintiff Legacy Hemp LLC, demands judgment against Defendant Terramax Holdings Corporation, as follows:

(a)  A declaration that Terramax's threatened termination of Legacy is a breach of the Distributor Agreement.

(b)  Compensatory damages in an amount to be determined at trial;

(c)  All costs and attorneys' fees permitted by law; and

(d)  Any other relief this Court deems just and equitable.

JURY DEMAND

Plaintiff demands a jury for any and all claims so triable.

/s/Christopher Wiest

Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
859/486-6850 (v)
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com